UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MATTHEW HODGE, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | )  CASE NO.: 4:19-cv-109 |
| | ) |
| MATTHEW WARREN, INC., | ) |
| | ) |
| DEFENDANT. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Matthew Hodge ("Hodge"), by counsel, brings this action against Defendant Matthew Warren, Inc. ("MWI") for violation of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

### INTRODUCTION

Matthew Hodge began working for MWI more than three years ago, in 2016. He was hired as and remained called the Systems Administrator. His work as Systems Administrator was primarily manual work to keep the computers and networks functioning. His work was almost exclusively related to the maintenance and repair of computer and network hardware.

His pay stubs show that he was paid $33.1766 per hour. For most pay periods Hodge was paid for 86.67 hours of work with no overtime shown. For some pay periods, he was paid overtime at the rate of one-and-one-half times his regular rate. For other pay periods he was paid something called "OT Straight" at his regular hourly rate. However, Hodge worked much more than 86.67 hours per pay period. In fact, Hodge was usually working between 70 and 80 hours in single workweeks. This was true for about 80% of weeks in which Hodge worked for MWI. The other 20%, Hodge worked an average of 50 – 60 hours. According to the records currently available to

Hodge, MWI paid him time-and-a-half for only 71 of his overtime hours, and paid him "OT Straight" for another 90 of his overtime hours.

## PARTIES

1. Hodge is an individual who resides in Tippecanoe County, Indiana.
2. At all times relevant to this action, Hodge was an employee of MWI within the meaning of the FLSA.
3. MWI is a Delaware corporation with its principal place of business in Rosemont, IL.
4. MWI owned and operated Matthew Warren, Inc. Spring & Stamping Operations in Logansport, Indiana.
5. At all times relevant to this action, MWI was Hodge's employer within the meaning of the FLSA.

## JURISDICTION AND VENUE

6. This Court properly has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 inasmuch as Hodge brings a claim against MWI arising under federal law.
7. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391 inasmuch as Defendant may be found in this judicial district and a substantial part of the events or omissions giving rise to Hodge's claim against MWI occurred in this judicial district.

## FACTS

8. MWI employed Hodge from early 2016 until August 2019.
9. MWI employed Hodge as its Systems Administrator.
10. Hodge's duties as System Administrator were primarily manual work.
11. Hodge's duties were to keep the computers and networks functioning.
12. Hodge's work was almost exclusively related to the maintenance and repair of computer and network hardware.

13. MWI paid Hodge the hourly rate of $33.1766.

14. In most pay periods, Hodge was paid for 86.67 hours regardless of how many hours he worked.

15. During the course of his employment, Hodge worked more than forty (40) hours in a single workweek on more than one occasion.

16. Hodge usually worked between 70 and 80 hours in a single workweek.

17. Hodge worked between 70 and 80 hours in approximately 80% of his workweeks.

18. When Hodge did not work between 70 and 80 hours in a single workweek, he generally worked between 50 and 60 hours in a single workweek.

19. MWI did not ask or require Hodge to report his hours worked.

20. At some point, MWI provided Hodge with a spreadsheet to report his overtime hours.

21. Even when Hodge reported his overtime hours to MWI, MWI would usually not pay any or all of his overtime compensation.

22. When MWI did pay Hodge additional compensation for his hours in excess of forty in a single workweek, it usually paid him only "OT Straight."

23. On a few rare occasions, MWI paid Hodge overtime at one-and-one-half times his regular rate.

24. Hodge was not paid on a salary basis.

25. Hodge's position was not exempt from the overtime requirements of the FLSA.

26. Hodge's position failed to meet the "duties" test of any FLSA exemption.

27. Hodge's pay failed to meet the salary basis test of FLSA exemptions which require it.

28. MWI failed to keep accurate records of Hodge's time spent working.

### COUNT I - VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

29. Despite the fact that Hodge worked more than 40 hours in single workweeks, Defendant failed and refused to pay him one-and-one-half times his regular rate for each hour worked in excess of 40 in a single workweek.

30. Defendant's conduct violates the FLSA.

31. Defendant's actions constitute a willful violation of the FLSA.

32. Defendant did not act in good faith with respect to whether its conduct complied with the overtime requirements of the FLSA.

33. Hodge has been harmed by Defendant's unlawful conduct.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff Hodge demands the following relief against Defendant MWI:

a. His unpaid overtime wages;

b. Liquidated damages;

c. His attorney's fees;

d. The costs of this action;

e. Such other relief as this court determines to be necessary and proper.

/s/ Jason R. Ramsland
Jason Ramsland, #29443-29
Ramsland Law
17 S. 6th Street
Suite X, Box 12
Lafayette, IN 47901
765.267.1240
jason@rams.land
Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

/s/ Jason R. Ramsland